1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

SUSAN MARIE BATEY,

                                   Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                          Defendant.

Case No. 3:16-cv-05602-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13
14
15
16
17
18

        Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

19

<u>FACTUAL AND PROCEDURAL HISTORY</u>

20
21
22
23
24
25
26

        On July 24, 2009, plaintiff filed an application for disability insurance benefits and on another one for SSI benefits, alleging in both applications that she became disabled beginning September 16, 2008. Dkt. 7, Administrative Record (AR), 1211. Both applications were denied on initial administrative review and on reconsideration. *Id.* At a hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified, as did a vocational expert. AR 37-70.

ORDER - 1

In a written decision dated March 22, 2011, the ALJ found that plaintiff could perform her past relevant work, and therefore that she was not disabled. AR 21-31. Following the Appeals Council's denial of her request for review of the ALJ's decision, plaintiff appealed to this Court, which on January 16, 2013, remanded the matter to the Commissioner for further administrative proceedings. AR 1, 625-39. On remand, the Appeals Council vacated the ALJ's decision, and consolidated plaintiff's claims with two other applications for disability insurance and SSI benefits she had filed. AR 1211-1212.

Plaintiff appeared and testified at a second hearing held before the same ALJ, as did a vocational expert and a medical expert. AR 550-77. In a decision dated November 29, 2013, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was noted disabled. AR 519-40. Plaintiff appealed that decision to this Court, which on October 17, 2014, again remanded this matter for further administrative proceedings. AR 1384-1393.

On remand, plaintiff appeared and testified at a third hearing held before a different ALJ. AR 1308-1345. In a written decision dated March 8, 2016, that ALJ also found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 1211-1234. It appears that the Appeals Council did not assume jurisdiction of the matter, making the ALJ's decision the final decision of the Commissioner, which plaintiff once more appealed to this Court. Dkt. 1; 20 C.F.R. § 404.984, § 416.1484.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, arguing the ALJ erred:

(1)   in evaluating the opinions of James Nakashima, M.D., Lisa Doherty, M.D., and Robert Schneider, Ph.D.;

(2)   in discounting plaintiff's credibility; and

ORDER - 2

1
2
    (3)   in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

3 For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion of Dr.

4 Schneider and thus in finding plaintiff could perform other jobs. Also for the reasons set forth

5 below, the Court finds that Dr. Schneider's opinion should be credited as true, but that remand

6 for further administrative proceedings is nevertheless warranted.

7
8 <u>DISCUSSION</u>

9         The Commissioner's determination that a claimant is not disabled must be upheld if the

10 "proper legal standards" have been applied, and the "substantial evidence in the record as a

11 whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986);

12 *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v.*

13 *Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial

14 evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

15 the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of*

16 *Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such

17 relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

18 *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at

19 1193.

20         The Commissioner's findings will be upheld "if supported by inferences reasonably

21 drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to

22 determine whether the Commissioner's determination is "supported by more than a scintilla of

23 evidence, although less than a preponderance of the evidence is required." *Sorenson v.*

24 *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one

25
26

ORDER - 3

rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.     The ALJ's Evaluation of Dr. Schneider's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

ORDER - 4

only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Dr. Schneider conducted a psychological evaluation of plaintiff in mid-June, 2009, opining that she "would probably have difficulty tolerating the typical demands of employment or maintaining adequate pace and persistence." AR 290. Dr. Schneider also opined that "[w]ithin medical probability, it is expected that she will be able to perform gainful employment once she is stabilized on appropriate medications." *Id.* The ALJ gave Dr. Schneider's opinion "[l]ittle weight" because it was "phrased equivocally," which "reveals a lack of confidence in making an opinion, and renders his opinion unpersuasive." AR 1226.

ORDER - 5

Plaintiff argues this was not a valid basis for rejecting Dr. Schneider's opinion. The Court agrees. The phrase "would probably" is hardly equivocal. Rather, it indicates that Dr. Schneider felt plaintiff most likely would have difficulty tolerating the typical demands of employment or maintaining adequate pace and persistence. Similarly, although "[w]ithin medical probability" is not the same as certainty, again it does indicate Dr. Schneider believed plaintiff would be able to perform gainful employment once she is stabilized on at least a more likely than not basis. Thus, here too, there was nothing equivocal about Dr. Schneider's opinion. Given that this was the only basis for the ALJ's rejection of these limitations, the ALJ erred.

II.      The ALJ's Step Five Determination

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's residual functional capacity (RFC) assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

ORDER - 6

medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the mental RFC to perform limited to simple, entry-level work in a routine environment. AR 1218. But because as discussed above the ALJ failed to provide a valid basis for rejecting Dr. Schneider's opinion, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations. If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

Here, the ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the second hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 1233-1234. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed – and thus the vocational expert's testimony and the ALJ's reliance on that testimony – also cannot be said to

ORDER - 7

1   be supported by substantial evidence or free of error.

2   IV.     Remand for Further Administrative Proceedings

3           The Court may remand this case "either for additional evidence and findings or to award

4   benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

5   reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

6   agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

7   Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record

8   that the claimant is unable to perform gainful employment in the national economy," that

9   "remand for an immediate award of benefits is appropriate." *Id.*

10

11          Benefits may be awarded where "the record has been fully developed" and "further

12  administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

13  *Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

14          (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
            claimant's] evidence, (2) there are no outstanding issues that must be resolved
15          before a determination of disability can be made, and (3) it is clear from the
            record that the ALJ would be required to find the claimant disabled were such
16          evidence credited.

17

18  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

19  Because issues remain in regard to plaintiff's mental RFC, as well as her ability to perform other

20  jobs existing in significant numbers in the national economy, remand for further consideration of

21  those issues is warranted.

22

23          Plaintiff argues that the record has been fully developed, that further proceedings would

24  serve no useful purpose, and therefore that the Court should remand this matter for an immediate

25  award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). As plaintiff notes,

26  this matter has been pending for a number of years – indeed, this is the third time this case has

ORDER - 8

been appealed to this Court – and such delay can be very harmful to a claimant.[1] As such, and as plaintiff further notes, at some point it is unfair to allow the Commissioner another bite at the apple on remand. *See id.* ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.") (citation omitted).

In *Benecke*, however, it was clear that there were no outstanding issues to be resolved and that the ALJ was required to find the claimant disabled. *Id.* at 596. Plaintiff argues it is clear here as well, in light of Dr. Schneider's opinion regarding her ability to tolerate the typical demands of employment or maintain adequate pace and persistence, and vocational expert testimony in the record that an individual who had reduced productivity of no more than 80 percent of a normal employee, would not be able to maintain employment. But while Dr. Schneider did opine that plaintiff would have difficulty in the above areas, he gave no indication by exactly how much. He also felt plaintiff could be expected to perform gainful employment with proper medication, but again offered no suggestion as to how long that might take.

It is far from clear, therefore, whether plaintiff would in fact be disabled based on Dr. Schneider's opinion. That being said, the Court finds it appropriate to credit that opinion as true. Where the ALJ has failed "to provide adequate reasons for rejecting the opinion of a treating or examining physician," that opinion generally is credited "as a matter of law." *Lester*, 81 F.3d at 834 (citation omitted). This is the third time that the Commissioner has failed to provide valid reasons for rejecting Dr. Schneider's opinion. *See* AR 636-38, 1387-90. Following the first remand no reason for rejecting that opinion was offered (AR 1387-90), and as just discussed the

---

[1] *See id.* at 595 ("Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.'") (citation omitted).

ORDER - 9

most recently offered basis for doing so was little better.

Three chances to get it right is more than enough, particularly given the amount of time plaintiff has had to wait in order to have her claims properly considered. Accordingly, on remand the Commissioner shall accept the opinion evidence from Dr. Schneider as true. Again, however, because for the reasons discussed above it is uncertain whether that evidence sufficiently shows plaintiff to be disabled, remand for the purpose of resolving that issue is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (courts should "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled").

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 21st day of December, 2016.


Karen L. Strombom
United States Magistrate Judge

ORDER - 10